ROBERTSON, Justice:
Shortly before the Mississippi Milk Commission, an agency of the State of Mississippi, went out of existence on June 30, 1970, it brought suit (Number 46,595) against James E. Fant and Mrs. Henry W. Vandiver, Jr., Partners, D/B/A Fant’s Sunflower Food Store, and Borden, Inc. The Commission at the same time brought suit against Fant and Vandiver, D/B/A Fant’s Sunflower Food Store, and Walker Farms Dairy Products, which suit is numbered 46,596.
The Commission charged in each suit that the handler-licensee had granted an unreasonable extension of credit, and that Fant’s Sunflower Food Store, store-licensee in each instance, had received an unreasonable extension of credit. The two causes were consolidated for hearing before the Mississippi Milk Commission. The Commission found that Borden, Inc. should have its handler license suspended for one day or in lieu thereof pay a penalty of $25.00, and that Fant’s Sunflower Food Store should have its store license suspended for 30 days or pay a penalty of $883.30. The Commission found that Walker Farms Dairy Products should have its handler license suspended for one day, or in lieu thereof pay a penalty of $25.00, and that the Food Store should have its store license suspended for 30 days or pay a penalty of $936.42.
The Food Store appealed to the Chancery Court of Leflore County, assigning as error:
“ 1. The finding of the Commission was contrary to all credible evidence and the law.
“ 2. The penalties and fine imposed indicate partiality and an attempt on the part of the Commission to unduly penalize these petitioners and inflict upon them penalties not justified by the facts or the law.”
The chancery court found that the Food Store was entitled to the relief prayed for and entered an order vacating the order of the Commission and dismissing each suit at the cost of the Commission.
The Commission appeals to this Court.
Section 4560-156, Mississippi Code 1942 Annotated (Supp.1971), reads in part:
“No method or device shall be lawful whereby milk is bought or received or handled on consignment or otherwise, or *452 sold or handled or delivered or made available on consignment or otherwise, or offered to be bought or received, or handled on consignment or otherwise, or sold or handled or delivered or made available on consignment or otherwise, at a price less than the minimum price applicable to the particular transaction, whether by any discount, premium, rebate, free service, trading stamps in excess of the number given in normal trade, advertising allowance, or unreasonable extension of credit, or by a combined price for such milk, together with another commodity or a service which is less, or is represented to be less than the aggregate of the price of the milk and the price or value of such commodity or service when bought or received or handled on consignment or otherwise, sold or delivered or made available on consignment or otherwise, or offered for sale, delivery, purchase, handling or receiving separately or otherwise.” (Emphasis added).
Pursuant to the provisions of Section 4560-157, Mississippi Code 1942 Annotated (Supp.1971), the Commission issued a “General Order Adopting Rules of Fair Trade Practices”. Rules 2 and 19 read:
“(2) It shall be unlawful for a milk dealer or handler to make any payments of money, gifts, or loans to stores or their employees, and it shall be unlawful for a milk dealer or handler to extend unreasonable credit to a store for the purchase of milk or any other product.
“(19) It shall be unlawful for a store to solicit or receive the benefit of any of the acts prohibited by Rules (1), (2), (3), (4), (5), (15), (16), (17), and (18) above.” (Emphasis added).
W. W. Moffett, Jr., Executive Secretary of the Mississippi Milk Commission, admitted that there was no definition in the statute of “unreasonable extension of credit”, nor had the Commission ever defined that term or issued any guidelines to milk handlers or retail stores.
James E. McCharen, an auditor of the Commission, testified that no standards or guidelines had ever been given to him. He stated that milk handlers usually considered an account, which had not been paid in 30 days, a past-due account. McCharen further stated that in auditing Fant’s Sunflower Food Store he considered every account over 30 days old as past-due, that he figured 8% interest on all accounts past due and the Commission doubled this in fixing the amount of the penalty assessed against Fant and Vandiver. This was the only evidence before the Commission when it found the milk handlers guilty of granting an unreasonable extension of credit, and the Food Store of receiving an unreasonable extension of credit.
Inasmuch as no definitions, guidelines or standards of what constituted an unreasonable extension of credit were ever drawn up and circulated among the milk handlers and retail stores, and inasmuch as no warning whatsoever was given Fant’s Sunflower Food Store that it was violating any rule or statute and should desist therefrom or suffer suspension of its license or pay a penalty, we agree with the Chancery Court that the action of the Commission was unjustified, and that it was arbitrary, capricious, discriminatory, unreasonable and unfair.
The decree of the Chancery Court, in each case, is affirmed.
Affirmed.
RODGERS, P. J., and JONES, PATTERSON and INZER, JJ., concur.